IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| BLACK DIAMOND ENERGY, LLLC, | § § § | Case No. 09-51334 (Chapter 7) |
| Debtor. | § § | |
| ELIZABETH G. ANDRUS, TRUSTEE | § § § § | ADVERSARY PROCEEDING NO. 10-05029 |
| Plaintiffs. | § § § | |
| V. | § § | |
| H.C. RESOURCES, INC. | § § § | |
| Defendants. | § | |

## COMPLAINT IN INTERVENTION

BJ Services Company, USA ("**BJ Services**") files this Complaint in Intervention and respectfully shows the Court as follows:

I.
Parties

1. Plaintiff-in-Intervention, BJ Services, is a Delaware corporation in good standing and with its principal place of business in Houston, Texas.

2. Defendant-in-Intervention is Elizabeth G. Andrus, as Chapter 7 Trustee of Black Diamond Energy, LLC.

3. Defendant-in-Intervention, H.C. Resources, Inc. ("**HCR**") is a corporation domiciled in Houston, Texas, doing business in Louisiana.

## II.
## Jurisdiction and Venue

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1334. The Complaint in Intervention arises under, arises in or is related to a case under Title 11. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. This Court has jurisdiction to grant the relief sought herein under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

## III.
## Background Facts

6. Petition Date. On September 22, 2009, Black Diamond Energy, LLC ("**Black Diamond**" or "**Debtor**") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

7. Adversary Proceeding. On April 6, 2010, Elizabeth G. Andrus, Chapter 7 Trustee, filed a Complaint to Recover Monies Owed to the Bankruptcy Estate against H.C. Resources, Inc. opening the above referenced adversary proceeding. In the Complaint, the Trustee seeks to recover $500,000.00 due under the Purchase and Sale Agreement and alleges that the Debtor retains a vendor's lien on the items sold to HCR through the Purchase and Sale Agreement.

8. BJ Services's Claim. Beginning on or about March 5, 2008 and ending on or about September 15, 2008, BJ Services furnished certain goods, materials, supplies, machinery, equipment and labor under contract with the Debtor in connection with oil and gas operations conducted by the Debtor at the Etheredge Well No. 1, Serial No. 217824, API No. 1701921772, such well being located South 00° 12' West 17500 feet and North 89° 48' West 980 feet from

2

the Northeast Corner of Section 3, Township 9 South, Range 13 West, Calcasieu Parish, Louisiana (the "**Etheredge Well No. 1**") and Section 3, Township 9 South, Range 13 West, Calcasieu Parish, Louisiana (the "**Calcasieu Leasehold**"). The invoice statements of account are attached hereto as **Exhibit 1** and are incorporated herein by reference as if set forth in their entirety. This account represents a transaction of which a systematic record has been kept.

9. BJ Services rendered the aforementioned services and provided the aforementioned products in compliance with the agreements between the parties and has sought payment for same. The Debtor accepted each item and agreed and promised to pay BJ Services the total sum of $380,718.89, which was the reasonable, usual and customary price of the goods, materials, supplies, machinery, equipment and labor provided. The full amount of $380,718.89 remains unpaid.

10. BJ Services's Privilege. BJ Services's claim for unpaid materials and services is secured by a statutory lien and Privilege under Louisiana law. BJ Services's lien and Privilege is summarized as follows:

| Claimant | Well | Parish | Total Amount of Privilege | Date Lien Filed | Recordation Number | Book/Page |
|---|---|---|---|---|---|---|
| BJ Services | Etheredge # 1 | Calcasieu | $380,718.89 | 10/9/2008 | 2894830 | 3612/72 |

The lien and Privilege was timely and properly filed under Louisiana law and is valid, fully-perfected and enforceable. A true and correct copy of the Notice of Lien and Privilege is attached hereto as **Exhibit 2** and is incorporated herein by reference as if set forth in its entirety.

11. Purchase and Sale Agreement. Debtor and HCR entered into the Purchase and Sale Agreement on November 17, 2008. The Purchase and Sale Agreement is attached hereto as **Exhibit 3** and is incorporated herein by reference as if set forth in its entirety. Pursuant to the Purchase and Sale Agreement, the Debtor conveyed to HCR real estate leases, equipment and

3

accoutrement to same. This included the Debtor's Calcasieu Leasehold; which contains, without limitation, the Etheredge Well No. 1.

12. <u>HCR's Obligations Under the Purchase and Sale Agreement</u>. The Purchase and Sale Agreement required HCR to assume, negotiate and satisfy the lease debt obligations on those leases conveyed to HCR. This included BJ Services's secured claim for goods, materials, supplies, machinery, equipment, and labor furnished to the Debtor in connection with the Debtor's oil and gas operations at the Etheredge Well No. 1 and leasehold interests located in Calcasieu Parish, Louisiana. In the event HCR defaulted with respect to its obligations to satisfy the lease debt obligations, the interest conveyed to HCR under the Purchase and Sale Agreement would revert back to the Debtor upon HCR's failure to cure the default within sixty days of receipt of written notice of the default. HCR has failed to satisfy the obligations to BJ Services. As such, the property conveyed to HCR likely has reverted back to the Debtor.

13. <u>HCR's Additional Obligations Under the Purchase and Sale Agreement</u>. On November 25, 2008, Debtor and HCR executed a supplement to the Purchase and Sale Agreement. By the supplement, HCR agreed to pay the Debtor $250,000.00 within five business days after the execution of the Purchase and Sale Agreement and an additional $250,000.00 on or before January 9, 2009. On information and belief, HCR has failed to pay said sums to the Debtor.

14. <u>Privilege Rights under Louisiana Law</u>. BJ Services's Lien and Privilege establishes a privilege over the operating interest under which the operations giving rise to BJ Services's Privilege are conducted together with the interest of the lessee of such interest in a (a) well, building, tank, leasehold pipeline, and other construction or facility on the well site; (b) movable on a well site that is used in operations, other than a movable that is only transiently on

the well site for repair, testing, or other temporary use; (c) tract of land, servitude, and lease described in La. R.S. 9:4861(12)(c) covering the well site of the operating interest; (2) drilling or other rig located at the well site of the operating interest if the rig is owned by the Debtor or by a contractor from whom the activities giving rise to the Privilege emanate; (3) the interest of the Debtor and participating lessee in hydrocarbons produced from the operating interest and the interest of a non-participating lessee in hydrocarbons produced from that part of his operating interest subject to the Privilege. La. R.S. 9:4863. This property that is encumbered by the Privilege is referred to collectively as the "**Subject Oil and Gas Properties**".

15. Privilege Inception. BJ Services's Privilege was established and effective on or about March 5, 2008 when BJ Services began providing services and movables to the well site. La. R.S. 9:4864.

16. The Texas Lawsuit. On May 4, 2009, BJ Services filed suit in Cause No. 2009-27929 in the 55th Judicial District Court of Harris County, Texas against HCR, the Debtor, and W.K. Whitewing (the "**Texas Lawsuit**"). On September 30, 2009, BJ Services moved for Summary Judgment and set the Motion on the Court's submission docket. After BJ Services moved for summary judgment both the Debtor and W.K. Whitewing filed voluntary petitions under Chapter 7 of Title 11 of the United States Code in the Bankruptcy Court for the Western District of Louisiana. Therefore, the Texas Lawsuit was automatically stayed. On October 26, 2009, a suggestion of bankruptcy[1] was filed in the Texas Lawsuit to put that court on notice of the Debtor's bankruptcy case filings. See copy attached as **Exhibit 4**. Despite this, the Court in the Texas Lawsuit still entered a judgment[2] against the Debtor, W.K. Whitewing, and HCR.

---

[1] This filing incorrectly stated that the Debtor filed in the Southern District of Texas. An amended suggestion was filed on February 11, 2010 to correctly state that the Debtor filed in the Western District of Louisiana.
[2] BJ Services did not request the entry of this judgment post-petition, attend a hearing, or even request a hearing. The 55th Judicial District Court entered the judgment on its own volition.

5

Since this judgment was entered in violation of the automatic stay, it is void.

## IV.
## Declaratory Judgment

17. The Debtor asserts that it holds a vendor's lien on the property sold to HCR pursuant to the Purchase and Sale Agreement, which includes the Subject Oil and Gas Properties. BJ Services disputes that the Debtor's vendor's lien on the Subject Oil and Gas Properties is valid, perfected and enforceable. Further, BJ Services seeks a declaration from the Court that BJ Services's lien and Privilege is valid, perfected, enforceable and senior to the lien claims of the Debtor, including as to the Subject Oil and Gas Properties. For example, the inception date of BJ Services' lien and Privilege is March 5, 2008, long before the transaction between the Debtor and HCR. BJ Services seeks further declaration from the Court that HCR's interest in the Subject Oil and Gas Properties is subject to BJ Services's Lien and Privilege, which incepted and was recorded before the transaction between the Debtor and HCR. A declaratory judgment which declares the extent, validity and priority of competing lien claims on the Debtors' property is authorized under Bankruptcy Rule 7001 and will adjudicate disputed issues involved in this controversy between secured creditors in this bankruptcy case. BJ Services seeks and is entitled to a declaratory judgment regarding the extent, validity and priority of its lien and Privilege.

18. Declaratory Judgment. This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rule 7001(2) and (9).

19. The Trustee asserts that the Debtor holds a valid, perfected, enforceable vendor's lien and security interest on all of the property conveyed by the Debtor to HCR by the Purchase and Sale Agreement.

20. BJ Services requests that the Court issue a declaratory judgment (i) that the Debtor is indebted to BJ Services for the base amount of BJ Services's claim; (ii) that the Debtor

is indebted to BJ Services for interest accruing on the base amount of its claim at the contract rate and reasonable attorney's fees; (iii) that HCR is indebted to BJ Services for the base amount of BJ Services's claim; (iv) that HCR is indebted to BJ Services for interest accruing on the base amount of its claim at the contract rate and reasonable attorney's fees; (v) that BJ Services's lien and Privilege is valid, perfected, enforceable, and attaches to and encumbers the total acreage included in Calcasieu Leasehold; which tract contains without limitation, the Etheredge Well No. 1; (vi) that BJ Services lien and Privilege is a valid, perfected, enforceable, first-priority lien on the above-listed leasehold interest; (vii) that HCR's interest in the above-listed leasehold interest is subject to BJ Services Lien and Privilege; and (viii) that the judgment entered by the 55th Judicial District Court of Harris County Texas in the Texas Lawsuit is void.

## V.
## Breach of Contract/Third Party Beneficiary

21. By the Purchase and Sale Agreement, HCR and the Debtor stipulated a benefit for BJ Services. Specifically, HCR and the Debtor stipulated that HCR would assume, negotiate and satisfy the lease debt obligations on those leases conveyed to HCR. This included the Etheredge Well No. 1 and the Calcasieu Leasehold. Therefore, HCR and the Debtor stipulated that HCR would assume, negotiate and satisfy the debt obligation to BJ Services.

22. BJ Services has manifested its intentions to avail itself of the benefit. BJ Services manifested this intention by, among other things, filing this Complaint in Intervention and filing the Texas Lawsuit.

23. HCR's stipulation *pour autrui* gave BJ Services the right to demand performance from HCR under the Purchase and Sale Agreement, which it did. HCR has failed to perform its duties and obligations under the Purchase and Sale Agreement because HCR has failed to satisfy the debt obligation to BJ Services. BJ Services hereby again demands that HCR satisfy the debt

7

to BJ Services arising from BJ Services furnishing certain goods, materials, supplies, machinery, equipment and labor under contract with the Debtor in connection with oil and gas operations conducted by the Debtor at the Etheredge Well No. 1 and Calcasieu Leasehold in the full amount of $380,718.89 plus pre-judgment interest, post-judgment interest, attorneys' fees, and costs of court.

## VI.
### Prayer

WHEREFORE, BJ Services Company U.S.A. respectfully requests that the Court enter judgment in its favor, grant the declarations and relief requested herein, and for such other and further relief to which BJ Services Company U.S.A. is justly entitled.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK
RANKIN & HUBBARD

STEWART F. PECK (LA #10403)
BENJAMIN W. KADDEN (LA #29927)
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
*Attorneys for BJ Services Company, U.S.A.*
8